CONOVER v. HEWITT.

TRUSTS—CONSTRUCTION—VESTED ESTATES.

> Where a trust deed declared that after the death of the *cestui que trust*, leaving a wife and child or children, the trustee should receive the profits, and apply the same to the use of the wife and children during the wife's life, and that at her death the estate should vest absolutely in such children, one of the children, on the death of the *cestui que trust*, took a vested interest in the estate, of which she could dispose by will.

Appeal from Bay; Shepard, J. Submitted October 2, 1900. Decided October 31, 1900.

Bill by Richard F. Conover, executor of the last will and testament of Alida K. Fitzhugh, deceased, and Cornelia F. Conover, against John C. Hewitt, trustee, Anne E. Fitzhugh, Anne D. Wright, and Edward F. Fitzhugh, to construe a trust deed and to terminate the trust. From a decree for complainants, defendant Wright appeals. Affirmed.

*E. S. Clark*, for complainants.

*C. L. Collins*, for appellant.

HOOKER, J. Daniel H. Fitzhugh placed in the hands of a trustee certain real estate for the benefit of his son William D. Fitzhugh, by deeds all containing the following provisions, viz. :

"This conveyance is made to and accepted by the said Frank Fitzhugh in trust and for the use of his brother William Dana Fitzhugh, of Livingston county, State of New York, with the power on the part of said trustee to receive the rents, issues, profits, and income of said real estate, and apply the same during the natural life of the said William for his use, and at his death, leaving a wife

and child or children surviving him, then to receive said rents, issues, profits, and income thereof, and apply the same to the use of said wife and child or children, share and share alike, during the natural life of said wife, and at her death then the said real estate shall vest absolutely in said child or children; and in case of the death of said William leaving a child or children surviving him, and no wife, said real estate shall vest absolutely in said child or children at the death of the said William.' In case of the death of the said William leaving a wife and no child or children or descendants, then said rents, issues, profits, and income shall be applied to the use of such wife during her natural life, and at her death the same shall vest absolutely in the brothers and sisters of the said William then living, and the representatives or descendants of any of those who may be dead. In case of the death of the said William leaving no wife, child, children, or descendants, then said real estate shall vest at his death in his brothers and sisters then living, and the representatives or descendants, if any, of those who may have died. Said trustee shall also have power in his discretion at any time to sell, convey, and convert said real estate, or any part thereof, into money, and invest the same in good securities, and in such case the rents, issues, profits, and income of such fund shall be applied and the fund disposed of as hereinbefore provided in relation to the real estate embraced in this conveyance."

William D. Fitzhugh died in 1889, and left surviving a widow, Anne E. Fitzhugh, and the following son and daughters: Anne D. Wright, Cornelia G. Fitzhugh (now Cornelia F. Conover), Edward F. Fitzhugh, and Alida K. Fitzhugh. There were no issue of deceased children nor any descendants of William D. Fitzhugh living at his death, other than those above named. On February 20, 1898, one of these children (Alida K. Fitzhugh) died, leaving a will, in which complainant Richard F. Conover, who is the husband of the complainant Cornelia F. Conover, was named as executor, and in accordance with which appointment letters testamentary have been issued. Complainant Cornelia F. Conover was made the sole legatee and devisee, except as to certain life interests granted to her mother, Anne E. Fitzhugh.

The latter subsequently released and conveyed all these interests to Mrs. Conover, so that, when this bill was filed, Cornelia F. Conover was in the position of absolute and sole legatee and devisee of Alida K. Fitzhugh. Since the death of William D. Fitzhugh, the existence of the life estate of the widow, Anne E. Fitzhugh, has alone prevented the winding up of the trust estate and the distribution of the property. It was agreed by all concerned that the trust estate should be concluded by the extinguishment of the life estate. In accordance with this agreement, Anne E. Fitzhugh, under date of November 22, 1899, executed a formal deed of release to the other beneficiaries, for the purpose of extinguishing her life interest with the same force and effect as if it had been extinguished by her death. This instrument has been given this effect by the court, and from this part of the decree none of the parties have appealed.

The purpose of the bill was:

*First.* To obtain a formal winding up of the trust estate, and a distribution of the property among the beneficiaries.

*Second.* To establish the right of complainants, as representatives of Alida K. Fitzhugh, deceased, to succeed to that share of the trust estate which would have belonged to the deceased beneficiary if she had lived.

Complainant Cornelia F. Conover joins in the bill both as beneficiary in her own right and as the devisee of her deceased sister. The complainants, therefore, unite the interests of two of the children of W. D. Fitzhugh. The other two children, Anne D. Wright and Edward F. Fitzhugh, together with the widow and the trustee, were made defendants, and all entered their appearance in the cause. All those in any way interested in the trust property are before the court. Complainants claim the right to receive one-half of the estate, being the share of two of the four children. Defendant Anne D. Wright claims that the share of the deceased child was extinguished, and that the living children should therefore each have one-third of the

estate. The finding of the court sustained all the allegations of the bill, and held that the complainants were entitled to receive one-half of the property as claimed, leaving the remaining one-half to be equally divided between the defendants Anne D. Wright and Edward F. Fitzhugh. The decree provides for an immediate winding up of the estate, and a distribution of the property in the proportions above named. Defendant Anne D. Wright alone appeals, and only from that part of the decree which fixes the shares of the parties.

The only question that we are called upon to decide is whether at the death of William D. Fitzhugh his children, who were then all living, had or took a vested interest in the property and its income, or whether the vesting of such interest was postponed until the extinguishment of the interest of the widow, Anne. Complainants maintain that, if it occurred upon or before the death of William D. Fitzhugh, Alida had an interest which she might transfer by will. Defendant does not seem to question this, but insists that the interest did not vest until the widow made a deed of her interest, which was after Alida's death.

Upon the death of William D. Fitzhugh, Alida, as one of four children, became entitled to the corresponding aliquot part of the income of the estate; and by his death it was also definitely determined that, after the inevitable extinguishment of Anne's estate, the property should vest in the children who *at his death* survived, and not alone such as might survive *Anne,* his widow. There was no element of uncertainty left, either in the property or the persons who should receive it when Anne should die. There was therefore no legal impediment to the vesting of an equitable interest in each of the children at once, if the grantor so intended; and the conclusion that he did so intend would be favored by the law, in the absence of evidence in the deed of a contrary intent. The only thing that may be said to indicate such contrary intent is that the deed contains a provision in behalf of the brothers and

sisters, and the descendants of deceased brothers and sisters, in a certain contingency, viz., William's death, "leaving no wife, child, children, or descendants" him surviving. It would seem that the design was to exclude the brothers, sisters, etc., not only in favor of W. D. Fitzhugh's children, but in favor, as well, of their children and descendants to the greatest possible degree of remoteness; and not only that, but in favor of the descendants of his child or children whom he might survive, and who, according to defendant's contention, were excluded by the terms of the deed. We are of the opinion that the provision that, upon the death of the widow, the estate "*shall vest absolutely*" in said child or children, does not show an intention to forbid the children from taking a vested interest earlier, but, at most, emphasizes the provision that the property should remain intact in the hands of the trustee, for the widow's protection and benefit, and that upon her death, only, should the legal estate of the trustee terminate, and become an absolute and full legal estate in fee simple in the "said children" by operation of the deed itself, which thereby created a remainder in "said children" upon the termination of the life of Anne.

We might discuss the authorities bearing upon this question at length, but we do not discover any conflict in them upon the proposition that the law favors the vesting of estates when the contrary intention is not apparent; and, as we think that the intention that it should vest is to be found in the deed, we omit further reference to this.

The decree of the learned circuit judge will be affirmed, with costs.

The other Justices concurred.